RECEIVED
USDC CLERK, CHARLESTON, SC

2006 JAN 24 P 1:50

In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **Michael Morrow, #249332,** ) | Civil Action No. 9:05-2197-MBS-GCK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| **Lower Savannah Pre-Release** ) | |
| **Center, Medical,** ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

The Plaintiff, Michael Morrow ("Plaintiff" or "Morrow") was incarcerated in the Lower Savannah Pre-Release Center in Aiken, South Carolina, at the time of the alleged incidents giving rise to this action. Plaintiff filed this action against the Lower Savannah Pre-Release Center, Medical, alleging that he did not receive appropriate medical care after he was twice bitten by spiders.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.

## II. *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980) (*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death

Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214, codified at 28 U.S.C. § 2254. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III. *IN FORMA PAUPERIS* ACTION



Plaintiff brought this action in forma pauperis ("IFP") under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs before proceeding with the lawsuit. [2-1] To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."[1] A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under Section 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Michau v. Charleston County, —F.3d —, 2006 WL 120342 at *2 (4th Cir. Jan. 18, 2006).

---

[1] 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

The court may dismiss a claim as "factually frivolous" under Section 1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, supra. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

## IV. FACTUAL BACKGROUND

The facts, either uncontested or taken in the light most favorable to the Plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record, are set forth below.

Plaintiff was incarcerated in the Lower Savannah Pre-Release Center ("LSPRC"), a facility of the South Carolina Department of Corrections (the "SCDC"), and it is presumed that the Plaintiff intended to bring this action against the SCDC.[2] Plaintiff alleges that on two separate occasions, he was bitten by a spider and that the LSPRC medical staff was grossly negligent in rendering medical treatment to him after each of the spider bites.[3]



With respect to the first spider bite, Plaintiff contends that on or about June 14, 2005, at 1:30 a.m., he was awakened by a feeling of itching and burning on his right leg, stood up, and shook a "little brown spider" out of his pants leg. He killed the spider and presented the dead spider to a Lt. Jones and showed Lt. Jones the spider bite on his leg. Lt. Jones called Medical and was told to give Plaintiff Motrin and an ice pack. Plaintiff admits he was told to report to Medical services that morning, and did so, where he was examined, given medication, and told he would be all right.[4] Plaintiff alleges in his complaint that his spider bite became worse, his leg became sore, ached, the spider bite "stayed bleeding" and he "had to keep opening where the bite was to drane

---

[2]     The Answer states that there is "no such person or entity" specifically known as the "Lower Savannah Pre-Release Center Medical". See Answer [7-1] at p. 1, n.1.

[3]     See Complaint [1-1] at p. 2., II.B.

[4]     See Complaint [1-1] at p. 3.

[sic] gross nasty green puss [sic] out of it, and yellow stuff would come out also[.]" Plaintiff complains that as a result, he missed one week of work, he was unable to eat, and lost weight.[5] Plaintiff allegedly told the Associate Warden what happened, who replied that he would be all right and he "wouldn't die."[6] Plaintiff alleges that he has a "big round scar" on his right leg as a result of the spider bite.[7]

Plaintiff's medical records from this incident do not support his allegations. The medical records reveal that the spider bite was examined by Registered Nurse Robert E. Sanders the next morning, on June 15, 2005.[8] Nurse Sanders examined the bite but did not see any drainage, ulceration, abscess, infection or signs of an allergic or systemic reaction.[9] The spider bite did not become infected, and it healed without complication.[10] Plaintiff did not suffer weight loss; his medical records indicate his weight remained the same, or that he gained weight during the relevant time period. Although Plaintiff subsequently visited Medical for other complaints, the medical records do not reveal that he ever complained again about the spider bite on his leg.[11]

With respect to the second spider bite, Plaintiff alleges that on or about the evening of July 7, 2005, a spider bit Plaintiff on his right arm. Plaintiff's medical records reflect that the medical staff was called on Plaintiff's behalf at 12:10 p.m., and Plaintiff denied having any drainage at the



---

[5]   See Complaint [1-1] at pp. 3-4.

[6]   See Complaint [1-1] at p. 4.

[7]   See Complaint [1-1] at p. 4.

[8]   See Affidavit of Robert E. Sanders, R.N. and Plaintiff's medical records attached to Defendant's Motion for Summary Judgment. [8-1]

[9]   See Affidavit of Robert E. Sanders, R.N. at p. 1.

[10]  See Affidavit of Robert E. Sanders, R.N. and Plaintiff's medical records attached to Defendant's Motion for Summary Judgment. [8-1]

[11]  See Affidavit of Robert E. Sanders, R.N. and Plaintiff's medical records attached to Defendant's Motion for Summary Judgment. [8-1]

wound site.[12] Although Plaintiff contends that he did not receive immediate medical attention from the LSPRC, and became sweaty, sick to his stomach, and light-headed,[13] the medical records indicate that Plaintiff was seen by medical staff approximately two (2) hours later, at 3:16 p.m., on July 7, 2005 and was prescribed an anti-biotic medication.[14] Although he was seen by medical after July 7, 2005, he did not complain of this spider bite again.

### V. PROCEDURAL HISTORY IN FEDERAL COURT

The Plaintiff commenced this action on July 23, 2005,[15] contending that he received inadequate medical care from the LSPRC medical staff. On September 6, 2005, the SCDC (hereinafter referred to as the "Defendant") answered on behalf of LSPRC [7-1] and on October 18, 2005, the Defendant filed a Motion for Summary Judgment, a Memorandum, and various exhibits, including Plaintiff's medical records and an affidavit of Nurse Sanders, in support of the Motion for Summary Judgment. [8-1] Thereafter, on October 10, the undersigned issued an Order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Motion for Summary Judgment. [9-1]



After Plaintiff failed to respond, the undersigned issued an order allowing Plaintiff an additional twenty (20) days in which to respond to the Motion for Summary Judgment. [10-1] Thereafter, on December 5, 2005, Plaintiff filed a Response in Opposition to the Motion for Summary Judgment. [11-1] Accordingly, this matter is ripe for review by the undersigned.

---

[12]  See Encounter #28 dated July 7, 2005 at p. 5 of Plaintiff's medical records.

[13]  See Complaint [1-1] at p. 4.

[14]  See Encounter #29 dated July 7, 2005 at p. 4 of Plaintiff's medical records.

[15]  Plaintiff has the benefit of the holding of Houston v. Lack, 487 U.S. 266 (1988) with respect to the delivery date of his Complaint. [3-1]

## VI. THE STANDARD FOR DETERMINING A MOTION FOR SUMMARY JUDGMENT

The Defendant's Motion for summary judgment is governed by the holding in Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. Felty v. Graves-Humphreys Co., 818 F. 2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. Stone v. University of Md. Medical Sys. Corp., 855 F. 2d 167 (4th Cir. 1988).

In deciding whether to grant a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-moving party. Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990); *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In addition, "once a plaintiff 'has named a witness to support [his] claim, summary judgment should not be granted without . . . somehow showing that the named witness' possible testimony raises no genuine issue of material fact.'" Miltier, 896 F.2d at 852, *quoting* Celotex v. Catrett, 477 U.S. 317, 328 ( 1986) (White J., concurring).



For purposes of evaluating the appropriateness of summary judgment, this court must construe the facts are set forth in the light most favorable to Plaintiff. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

When, as in the present case, the Defendant is the moving party, and the Plaintiff has the ultimate burden of proof on an issue, the Defendant must identify the parts of the record that demonstrate the Plaintiff lacks sufficient evidence. The nonmoving party, then, must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

## VII. PLAINTIFF'S CLAIMS

As a threshold matter, the court must address whether Plaintiff has exhausted his administrative remedies prior to filing suit. Plaintiff's complaint, signed under penalty of perjury, states that he did not timely file a grievance because "[i]t was past the 15 day limit to file one when I found out the procedure to file one."[16] Thus, Plaintiff admits that he failed to exhaust his administrative remedies prior to filing suit. The Defendant agrees that Plaintiff failed to exhaust his administrative remedies prior to filing suit.[17]



The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. *See also* Porter v. Nussle, 534 U.S. 516 (2002). Specifically, 42 U.S.C. § 1997e(a) states, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). There is no question but that the PLRA's exhaustion requirement is mandatory. *See* Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 676-77 (4th Cir. 2005), *citing* Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered

---

[16]    See Complaint at p. 2., II C.

[17]    See Memorandum in Support of Motion for Summary Judgment at pp. 2-3.

by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. The effectiveness of the administrative procedure to produce the inmate's requested remedy and/or the alleged futility of the administrative remedies to produce the inmate's requested remedy are not exceptions to the exhaustion of administrative remedies requirement under the Act."). Exhaustion must occur prior to the filing of the lawsuit or it must be dismissed. Anderson v. XYZ Correctional Health Serv., 407 F.3d 674, 683 (4th Cir.2005).

There is no genuine issue of material fact in this case–the Plaintiff failed to exhaust his administrative remedies prior to filing suit, and the Defendant is entitled to judgment as a matter of law.

Furthermore, the PLRA, which amended 28 U.S.C. § 1915, mandates that federal courts shall dismiss actions filed *in forma pauperis* if, at any time, the Court determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Congress has recognized that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Cain v. Commonwealth of Virginia, 982 F.Supp. 1132, 1136 (E.D.Va.1997), *quoting* Neitzke v. Williams, 490 U.S. 319, 324 (1989). The purpose of Section 1915(g) thus acts as a limitation upon the number of *in forma pauperis* actions that may be filed by an inmate at the expense of the public.[18]



Federal courts have a responsibility to assess the nature of the allegations presented in a civil action and determine whether the plaintiff's motive is to harass and vex the defendants or to

---

[18] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on e or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

seek redress for a legitimate claim. Cain, 982 F.Supp. at 1136 (quotations and citations omitted). A complaint abusive of the judicial process is malicious within the meaning of Section 1915. Id., *citing* Ballentine v. Crawford, 563 F.Supp. 627, 629 (N.D.Ind.1983) (referring to Section 1915(d), now Section 1915(e)(2)). After reviewing Plaintiff's allegations, Plaintiff's medical records, and the affidavit of Nurse Sanders, this court is of the opinion that Plaintiff's allegations are frivolous and malicious under the PLRA, 28 U.S.C. § 1915(e)(2)(B)(1), and should be dismissed under 28 U.S.C. § 1915A(b).

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Defendant's Motion for Summary Judgment **[8-1] be granted** and that Plaintiff's action should be dismissed for failure to exhaust his administrative remedies and failure to state a claim for relief.

George C. Kosko
United States Magistrate Judge

Jan 23, 2006
Charleston, South Carolina

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.) 1984, *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir. 1985)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate**

> **judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
